W. V. Nugen *v.* Bair Brothers, Inc.

(No. 7307)

Submitted March 7, 1933.   Decided March 14, 1933.

*Geo. W. Williams* and *Carl C. Sanders,* for plaintiff in error.
*A. D. Preston,* for defendant in error.

Hatcher, Judge:

Claiming fraudulent misrepresentation in the purchase of a truck from the defendant, the plaintiff secured a judgment against it for $175.00 and defendant was allowed a writ of error.

The plaintiff testified that he bought a Ford truck from defendant, a dealer, on February 4, 1930, at the regular price of $739.00, upon the representation of defendant's agents that he was purchasing a two-ton truck of the new 1930 model ("the most recent one on the market"); that he afterwards discovered his purchase was a one and one-half ton truck of the 1929 model; that the 1930 models came on the market according to a bulletin he had received from the Ford Motor Company "right after the first of the year 1930", and had some improvements over the 1929 models; and that from the best of his information the market price of the 1929 models depreciated about one-third when the 1930 models came on the market.   A witness for plaintiff testified that he purchased an improved 1930 model truck from defendant on February 18, 1930, paying "around something over seven hundred dollars".   Another witness who had sold some automobiles of makes other than Fords from 1919 to 1924, testi-

fied that (in his judgment) bringing out the 1930 model Ford truck would decrease the value of the 1929 model about one-third.

Another witness for plaintiff, a Ford dealer, testified that Ford truck models were not changed yearly or designated by the years in which they were produced, but had been designated Model T prior to 1928 and since then Model AA; and that he did not know of any dealer having on sale a truck with the changes made in 1930, until about April, 1930. The testimony of the dealer denying yearly models was confirmed not only by defendant but also by a letter from the Columbus branch of the Ford Motor Company to plaintiff, *introduced in evidence by him*, which stated, ''We do not have yearly models, though we constantly improve our model.''

Defendant established without controversy that while the machine sold plaintiff was called a ton and one-half truck, it was guaranteed by the Ford Company ''to carry a fifty per cent overload'', that defendant did guarantee to plaintiff the truck would carry two tons, and plaintiff afterwards expressed himself as pleased with its performance; that many customers preferred trucks without the changes made in 1930 and the trucks with and without the improvements were sold indiscriminately as they came to dealers from the Ford Company, *at the same price,* and both, with equal wear and care, had the same ''trade-in-value''; and that the agents of defendant had no information of the changes on February 4, 1930, when the sale was made to plaintiff. Defendant's agents are supported in this by the above letter from the Columbus branch, which stated that the advance copy of the ''January 1930 Service Bulletin'' giving notice of the changes in the truck, was not received at that branch until February 12, 1930; and that the regular shipment of the bulletins was not received in Columbus until February 20th, after which they were mailed out to dealers.

The plaintiff failed to make a case because (a) there is nothing to indicate that defendant's agents knew on February 4th of the improvements to be on the trucks arriving later. To the contrary, plaintiff's own evidence tends to confirm the agents' denial of that information, without which they could have had no intent to deceive plaintiff. (b) His ''infor-

mation'' (hearsay) as to depreciation in value of the trucks without the 1930 improvements, and the ''best judgment'' on the same subject of his witness (incompetent) who had sold cars other than Fords (some eight years before he testified) were not admissible. So, the only legitimate evidence on the subject was that of defendant's witnesses, which showed there was no actual depreciation whatever.

The judgment of the lower court is reversed, the verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*